10-4058-cv
The Homeless Patrol v. Joseph Volpe Family

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# **SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> > *Circuit Judges,*
> JOHN G. KOELTL,[*]
> > *District Judge.*

---

The Homeless Patrol, Joseph Kastner,

> *Plaintiffs-Appellants*,

> v.                                                        10-4058-cv

Joseph Volpe Family, *et al.*,

> *Defendants-Appellees*.

---

> Joseph Kastner, *pro se*, Jersey City, N.J., *for Plaintiffs-Appellants*.
>
> Elina Druker, Special Assistant Corporation Counsel, New York, N.Y. (Michael A. Cardozo, Corporation Counsel, *on the brief*), *for the City Defendants-Appellees City of New York, Comptroller of the City of New York and Corporation Counsel of the City of New York.*.

---

[*]The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Peter James Johnson Jr.; Leahey & Johnson, P.C., New York, N.Y., *for Defendant-Appellee Allstate Insurance Company*.

James S. Dobis; Dobis, Russell & Peterson, P.C., New York, N.Y., *for Defendant-Appellee Ford Motor Company*.

Edward J. Savidge; Brand, Glick & Brand, P.C., Garden City, N.Y., *for Defendants-Appellees Mario Lopez, Mystic Leasing Service Corp., Hedi Kodoglannis, and Gus Kodoglannis*.

Patrick J. Hughes (Jennifer Critchley, *on the brief*); Connell Foley, LLP, New York, N.Y., *for Defendant-Appellee Hereford Insurance Company*.

Randi F. Knepper; McElroy, Deustch, Mulvaney & Carpenter, LLP, Newark, N.J., *for Defendant-Appellee Continental Casualty Company*.

Appeal from a judgment and an order of the United States District Court for the Southern District of New York (Daniels, *J.*; Maas, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-Appellant Joseph Kastner, proceeding *pro se*, appeals the district court's: (1) judgment adopting the magistrate judge's report and recommendation and thereby dismissing Kastner's second amended complaint principally for failure to state a claim upon which relief may be granted; and (2) order denying Kastner's motion for reconsideration and leave to file a third amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's

2

favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). This Court reviews for abuse of discretion a district court order denying Rule 59(e) and 60(b) motions. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b)); *Baker v. Dorfman*, 239 F.3d 415, 422 (2d Cir. 2000) (Rule 59(e)).

In this case, because Kastner's arguments on appeal fail to address the district court's bases for dismissing his claims and denying his motion for reconsideration and leave to amend, Kastner has waived any such challenge. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that issues not raised by *pro se* litigant in appellate brief were abandoned). Accordingly, we limit our review to the issues that Kastner raised in his opening brief.

Kastner argues for the first time on appeal that the judges below were biased against him and that the magistrate judge should have questioned him on the confusing points of his second amended complaint. The well-established general rule is that a court of appeals will not consider an issue raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005). The rule is not an absolute bar to raising new issues on appeal; the Court may, in its discretion, disregard the general rule when necessary to remedy manifest or obvious injustice. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990). We conclude that there is no reason to disregard the general rule that we will not review arguments raised for the first time on appeal, as Kastner has not demonstrated that review of these claims is necessary to remedy manifest injustice. In any event, Kastner has not articulated any meaningful basis for his belief that the judges below were biased against him. The fact that motions were not decided in his favor is not

3

a sufficient basis to support a claim of bias. *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion," and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

Kastner's remaining procedural arguments do not provide any basis for disturbing the orders below. First, there is nothing in the record to suggest that the district court intentionally failed to mail Kastner a copy of its dismissal order. In any event, Kastner fails to show how he was prejudiced by not receiving that order any earlier than he did, and we note that he was able to timely move for reconsideration of that order. Second, there is no merit to Kastner's argument that the magistrate judge erred by failing to read all of Kastner's submissions. In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must, among other things, provide "a plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks omitted) (alterations in original). A review of the magistrate judge's report and recommendations reveals that the magistrate judge expended considerable effort in reviewing the numerous allegations in Kastner's second amended complaint.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4